**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| DANIEL ANTHONY AMARO, *pro se*, *et al.*, | Case No. 08-10711 |
| Plaintiffs, | District Judge Arthur J. Tarnow |
| v. | Magistrate Judge Paul J. Komives |
| KEFORD NOVI TOWING SERVICE, INC., *et al.*, | |
| Defendants. | |
| _____/ | |

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, AND DISMISSING CASE

Before the Court is Plaintiff's application to proceed *in forma pauperis*. The Court has reviewed Plaintiff's application and affidavit, as well as the Complaint. For the reasons stated below, the Court GRANTS Plaintiff's request to proceed *in forma pauperis*, but DISMISSES the Complaint.

Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff has demonstrated that he cannot prepay fees associated with his suit. Therefore, Plaintiff qualifies for *in forma pauperis* status.

However,

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
court shall dismiss the case at any time if the court determines that--
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), observes that section 1915(e)(2) is not discretionary, but states that a court "shall dismiss the case," if any of the conditions above are met.

The Supreme Court has held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). *Frazier v. Michigan* elaborates:

> A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.

41 Fed.Appx. 762, 764, 2002 WL 1628210, 1 (6th Cir. 2002) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).

Here, Plaintiff has sued a private individual and a corporation, alleging Constitutional injury pursuant to 42 U.S.C. § 1983, as well as a number of state-based claims. Because this claim is frivolous as to both Defendants, this Court dismisses this action.

Private individuals may be regarded as state actors for the purposes of § 1983 when it is alleged they acted in concert or in cooperation with state actors. *See Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (citing *Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir.2000)). However, a plaintiff alleging conspiratorial action must show

> that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id*. (citing, *inter alia*, *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir.1985). Furthermore,

> [i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.

*Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Here, Plaintiff states only that Defendant Hearn made false allegations to police after their arrival on the scene, and that the police acted on those allegations. No facts are alleged as to the

existence of a "single plan" or the sharing of a general objective. Plaintiff's allegations of conspiracy do not contain the necessary "degree of specificity" to meet the requirements of § 1983. Thus Plaintiff's assertions that Defendant Hearn is a state actor "lacks an arguable basis either in law or in fact."

Under Counts VI and VII, Plaintiff does attempt to state the law as it relates to the "State Compulsion Test," acting in concert, and civil conspiracy. However, the Complaint provides no factual allegations which support either of those theories. At most, it asserts that "police conduct conspired to elicit . . . false statements from [Defendant] Hearn." Pl Compl. ¶132. This is a legal conclusion without factual support.

Furthermore, Plaintiff's Complaint contains absolutely no factual basis to associate Defendant Keford Novi Towing with his alleged injuries. Because Plaintiff has failed to establish either Defendant as a state actor, his claims of constitutional injury fail. All claims based on § 1983 must be dismissed.

The remainder of Plaintiff's claims are state causes of action, over which this Court declines to exercise jurisdiction. Section 1367 of Title 28 provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

While the "default assumption is that the court will exercise supplemental jurisdiction over all related claims," *Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 892 (6th Cir. 1998), § 1367 permits a district court to decline jurisdiction, for four reasons. One of those reasons pertains here: "the district court has dismissed all claims over which it has original jurisdiction. . ." § 1367(c)(3).

Because Plaintiff's § 1983 claims are frivolous, no basis exists for original jurisdiction. The Court declines to exercise supplemental jurisdiction as to the remaining state-based counts in

*Amaro, et al. v. Hearn, et al.*
Case No. 08-10711

Plaintiff's Complaint. Accordingly,

 IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

 IT IS FURTHER ORDERED that the Complaint is DISMISSED.

 SO ORDERED.

      S/ARTHUR J. TARNOW
      Arthur J. Tarnow
      United States District Judge

Dated: July 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2008, by electronic and/or ordinary mail.

      S/THERESA E. TAYLOR
      Case Manager